UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JACQUELINE COCHRAN, Individually and as Administrator of the Estate of Dennis Cochran, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:14-cv-00022-RLY-WGH |
| vs. | ) ) | |
| HARTFORD FIRE INSURANCE COMPANY, HARTFORD INSURANCE GROUP, OFS BRANDS HOLDINGS, INC., OFS BRANDS HOLDINGS, INC. doing business as STYLINE TRANSPORTATION, INC., OFS BRAND, OFS BRAND, INC., OFFICE FURNITURE BRANDS, OFS BRANDS, INC., GALLAGHER BASSETT SERVICES, INC., and JOHN DOE INSURANCE COMPANY, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY REGARDING SUBJECT MATTER JURISDICTION and THE OFS DEFENDANTS' MOTION TO DISMISS**

On February 18, 2014, Hartford Fire Insurance Company removed this action on

on the basis of diversity jurisdiction. Plaintiff and the defendants, OFS Brands Holdings,

Inc., Styline Transportation, Inc., and OFS Brands, Inc. (improperly named and served as

OFS Brand, OFS Brand, Inc., Office Furniture Brands) (the "OFS Defendants"), are both

1

citizens of the State of Indiana.  Upon review of the OFS Defendants' motion to dismiss, the court realized that fact and ordered the Defendants to submit a brief establishing the court's jurisdiction.  Plaintiff responded to the motion.

By way of background, Plaintiff is the wife of the decedent, Dennis Cochran, who was involved in a fatal automobile accident caused by an underinsured motorist.  At the time of the accident, Mr. Cochran was employed by OFS Brands Holdings, Inc., and was driving a vehicle owned by it and insured through a policy issued by Hartford Fire Insurance Company.  Notably, Hartford informed Plaintiff that OFS' Policy did not provide for uninsured or underinsured motorist ("UIM") coverage.  Plaintiff alleges the policy should include UIM benefits equal to the liability limits and asserts that the estate is owed damages in excess of the liability limits of One Million Dollars ($1,000,000) for the death of her husband.

In its Notice of Removal, Defendants assert that although Plaintiff and the OFS Defendants are Indiana citizens, the OFS Defendants are nominal parties.  (Filing No. 1 at 3-4, ¶¶ 15, 18-20).  "The presence of a nondiverse party who is 'nominal' may be ignored in determining whether diversity jurisdiction exists." *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011); *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011); *Schwartz v. State Farm Mut'l Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).  "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993).  Here, the OFS Defendants cannot be held liable because, under Indiana law, no claims can be asserted against the employer for UIM benefits.

*Smith v. Gary Public Transp. Corp.*, 893 N.E.2d 1137, 1139-40 (Ind. Ct. App. 2008). Accordingly, the court finds the OFS Defendants are nominal parties whose citizenship may be ignored in determining whether diversity jurisdiction exists. Having so found, the court is satisfied that it has diversity jurisdiction over the present controversy.

In addition, because the UIM claim may only be asserted against the issuer of the policy and not the employer, the OFS Defendants move to dismiss the action against them. Here, the only relationship asserted between Plaintiff's decedent and the OFS Defendants is that of employer-employee. (Am. Compl. ¶ 11). The Indiana Worker's Compensation Act provides the exclusive remedy against the OFS Defendants for the losses suffered. Ind. Code § 22-3-2-6; *see also GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001) ("[T]he Worker's Compensation Act "bars a court from hearing any common law claim brought against an employer for on-the-job injury."). Plaintiff admits she is receiving those benefits on behalf of the estate. (Am. Compl. ¶ 11). Accordingly, no valid claim is asserted against the OFS Defendants, and their Motion to Dismiss (Filing No. 21) must be **GRANTED**.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** the OFS Defendants' Motion to Dismiss (Filing No. 21).

**SO ORDERED** this 26th day of January 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.